UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Rutherford,<br><br>                    Plaintiff,<br><br>    v.<br><br>BLBT Enterprises, LLC, et al.,<br><br>                    Defendant. | Case No.  5:20-cv-01747-MCS-SHK<br><br>**SETTLEMENT CONFERENCE ORDER** |

### PLEASE READ THIS ORDER CAREFULLY

This case has been referred to Magistrate Judge Shashi H. Kewalramani for settlement proceedings.

The Settlement Conference is placed on calendar for **January 14, 2021 at 10:00 a.m.  Considering the current Coronavirus pandemic, the settlement conference will be held by video conference.   In the alternative, if a video conference is not attainable then the Court will hold the conference by telephone.  The Clerk will provide further information prior to the hearing.**

The Magistrate Judge will not be involved in the actual trial of the case, but rather will attempt to assist the parties in an objective appraisal and evaluation of the case. In order to have a meaningful and productive session, the following are guidelines for the parties in preparing for the Settlement Conference.

1. The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2. Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential and no statement made during these proceedings shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

3. In addition to counsel who will try the case being present, a person with full settlement authority should also be present for the conference. This requirement means the physical presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client.[1] The plaintiff's representative must have full and final authority, **in the representative's sole discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge. The defendant's representative must have final settlement authority to commit the defendant to pay, **in the representative's sole discretion**, a settlement amount recommended by the settlement judge.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

---

[1] Unless otherwise ordered by the Court, however, if this matter is a lawsuit in which the United States or any of its agencies is a party, the Assistant United States Attorney who will try the case may appear without a representative, provided that he or she comes armed with the full measure of authority conveyed by his or her superiors within the United States Attorney's Office after appropriate consultation.

4. Subject to paragraph 7 below, if Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is **absolutely required**.

5. Subject to paragraph 7 below, counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be cancelled and rescheduled.  The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6. Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, should have a settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, **in the representative's sole discretion**, an amount recommended by the settlement judge within the policy limits.  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior.  Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7. When a person whose personal attendance would otherwise be required pursuant to the foregoing paragraphs resides outside the District, the Court will consider excusing the personal attendance of such person, so long as such person can and will be available by telephone during the entire settlement conference.  **If a party desires to avail itself of this excuse from personal attendance, counsel should so request in such party's Settlement Conference Statement** (and specify where such person will be located during the settlement conference).  After the party's Settlement Conference Statement is submitted, counsel should contact Magistrate Judge Kewalramani's courtroom deputy clerk to

3

ascertain whether the request has been granted.  **Such requests are not automatically granted.**

8. The Magistrate Judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.  The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel.  This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments.  If all counsel and parties are not present to hear the Court's opinions, it is all too easy for counsel to misrepresent the Court's comments in an effort to obtain a tactical advantage with opposing counsel.  Violation of this policy may be misleading and therefore a hindrance to settlement.

9. Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

10. Assuming the settlement conference remains on calendar, no later than 4:00 p.m. five (5) court days prior thereto, each party shall **submit a Settlement Conference Statement directly to the chambers of Magistrate Judge Kewalramani** (i.e., United States District Court, Eastern Division, Riverside Courthouse, 3470 Twelfth Street, Courtroom 3, Riverside, California) or via e-mail to the chamber's e-mail address, **shk_chambers@cacd.uscourts.gov**.  The parties need not provide the Statement to the other side, but may do so, if they choose.  The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file.  The parties must comply with Local Rule 11-3.1 by using a proportionally spaced or a monospaced typeface.  The size of a

proportionally spaced face must be 14-point or larger and a monospaced faced may not contain more than 10.5 characters per inch. The parties' respective Settlement Conference Statements shall include the following:

    A.    A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

    B.    An itemized statement of the damages claimed, and of any other relief sought.

    C.    A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

    D.    A history of past settlement discussions, offers and demands, including the most recent settlement offers exchanged.

    E.    A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

    F.    The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (I) further discovery, (ii) pretrial and (iii) trial.

    G.    The party's evaluation of the terms on which the other side is prepared to settle the case.

    H.    The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

11. If it does not appear to the Court from its review of the parties' Settlement Conference Statements that a Settlement Conference at this juncture in the proceedings is likely to result in a settlement of the matter, the Court may order the Settlement Conference off calendar or defer it to a later juncture in the proceedings (e.g., after a pending or anticipated dispositive summary judgment

5

motion is decided).  Similarly, if the parties do not believe a settlement is possible, then they shall say so in their Settlement Conference Statement.

12. Counsel should have available for the Court's perusal copies of all key documents in the case, as well as copies of all important witnesses' deposition transcripts.

13. Any failure of the trial attorneys, parties or persons with authority to attend the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference.  The failure of any party to timely submit a Settlement Conference Statement and Confidential Addendum in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

14. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement.  See Local Rule 16-14.7.

15. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

Dated:  November 30, 2020

_____
HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISRATE JUDGE